ACCEPTED
01-14-00967-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/3/2015 2:39:28 PM
CHRISTOPHER PRINI
CLERK

No. 01-14-00967-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/3/2015 2:39:28 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

### SHAWN LYNN HALLSTED

*Appellant,*

vs.

### KEVIN CHARLES McGINNIS

*Appellee.*

*On Appeal from the 311th District Court
of Harris County, Texas
Hon. Denise Pratt, Judge Presiding
Trial Court Cause No. 2010-41950*

### APPELLANT'S BRIEF

William D. Hancock
State Bar No. 00789343

LAW OFFICES OF WILLIAM D. HANCOCK
1512 Alabama Street
Houston, Texas 7704
713.523.6677
713.523.6683 (Fax)

### ATTORNEYS FOR APPELLANT SHAWN LYNN HALLSTED

### ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

No. 01-14-00967-CV;
*Shawn Lynn Hallsted v. Kevin Charles McGinnis*

### Appellant/Plaintiff
*Shawn Lynn Hallsted*

### Represented by:
William D. Hancock
THE LAW OFFICES OF WILLIAM D. HANCOCK
1512 Alabama Street
Houston, Texas 77004
713.523.6677
713.523.6683 (Fax)
(trial and appeal)

### Appellee/Defendant
*Kevin Charles McGinnis*

### Represented by:
Richard T. Howell
BUCKLEY, WHITE, CASTENEDA & HOWELL, LLP
2401 Fountain View Dr, Suite 1000
Houston, Texas 77057-4846
713.789.7700
713.789.7703 (Fax)
(trial and appeal)

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 75(f) of the Texas Rules of Appellate Procedure, Appellant, Shawn Lynn Hallsted requests oral argument in this appeal.

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL.................................................................................... i

REQUEST FOR ORAL ARGUMENT................................................................................ ii

INDEX OF AUTHORITIES............................................................................................... iii

ISSUES PRESENTED ......................................................................................................... 2

STATEMENT OF THE CASE & FACTS............................................................................ 3

ARGUMENTS AND AUTHORITIES................................................................................. 8

ISSUE NO. 1........................................................................................................................ 8

       **The Trial Court's erred in its rendition and Final Judgment regarding the denying enforcement of the contractual alimony payments contained in the Agreement Incident to Divorce?**

ISSUE NO. 2........................................................................................................................ 8

       **The Trial Court erred in denying Hallsted's Motion for New Trial.**

ISSUE NO. 3...................................................................................................................... 13

       **Did the Trial Court engage in judicial impropriety with probable harm to the Appellant?**

CONCLUSION & PRAYER............................................................................................... 18

VERIFICATION.................................................................................................................. 20

CERTIFICATE OF SERVICE............................................................................................ 21

# INDEX OF AUTHORITIES

## CASES

*Brown v. Russell*, <u>703 S.W.2d 843, 847</u>
(Tex. App.—Fort Worth 1986, no writ).............................................................. 14

*Borders v. KRLB, Inc.*, 727 S.W.2d 357, 359
(Tex.App.-Amarillo 1987, writ ref'd n.r.e)...................................................... 10, 11

*Cain v. Bain*, <u>709 S.W.2d 175</u>, 176
(Tex. 1986); ........................................................................................................ 8

*Cont'l Cas. Co. v. Hartford Ins. ex rel. Blue Line Promotions Inc.*,
<u>74 S.W.3d 432</u>, 434-35 (Tex. App.—Houston [1st Dist.] 2002, no pet.).............. 8

*Emmer v. Phillips Petroleum Co.*, 668 S.W.2d 487, 490
(Tex. App.—Amarillo 1984, no writ)................................................................. 11

*Francis v. Francis*, 412 S.W.2d 29, 33
(Tex. 1967)........................................................................................................ 12

*Goode v. Shoukfeh*, <u>943 S.W.2d 441, 446</u>
(Tex.1997)........................................................................................................... 9

*HECI Explor. Co. v. Neel*, 982 S.W.2d 881, 888-89
(Tex. 1998)......................................................................................................... 11

*In re Estate of Head*, <u>165 S.W.3d 897</u>, 902
(Tex.App.-Texarkana 2005, no pet.)................................................................... 8

*IPM Prods. Corp. v. Motor Parkway Realty Corp.*, <u>960 S.W.2d 879</u>, 882
(Tex.App.-El Paso 1997, no pet.)........................................................................ 8

*Lodge v. Lodge*, <u>368 S.W. 2d 40, 41</u>
(Tex. App.—Austin 1963)................................................................................... 12

*Minucci v. Sogevalor, S.A.*, <u>14 S.W.3d 790, 794</u>
(Tex. App.—Houston [1st Dist.] 2000, no pet.).................................................. 8

*Old Republic Ins. Co. v. Scott*, <u>846 S.W. 2d 832, 833</u>
(Tex. 1993)......................................................................................................... 9

*Phillips Petroleum Co. v. Gillman,* 593 S.W.2d 152, 154
(Tex.Civ.App.-Amarillo 1980, writ ref'd. n.r.e.)........................................................ 11

*Questa Energy Corp. v. Vantage Point Energy, Inc.,* 887 S.W.2d 217, 221
(Tex.App.-Amarillo 1994, writ denied)........................................................ 10

*Silcott v. Oglesby,* 721 S.W. 2d 290, 293
(Tex. 1986)........................................................ 13

*State v. Vasilas,* 187 S.W. 3rd 486
(Tex. Crim. App. 2006)........................................................ 14

*Strackbein v. Prewitt,* 671 S.W.2d 37, 38
(Tex.1984)........................................................ 8

*Sun Operating, Ltd. v. Holt,* 984 S.W.2d 277, 285
(Tex.App.—Amarillo 1998, pet. denied)........................................................ 10

*Swaab v. Swaab,* 282 S.W.3d 519
(Tex. App.-Houston [14 Dist.] 2008)........................................................ 9

*Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 813
(Tex. 2010)........................................................ 8

*Worford v. Stamper,* 801 S.W.2d 108, 109
(Tex. 1990) (per curiam)........................................................ 9

## STATUTES

Texas Penal Code, Section *37.10 (a)(1)*

## RULES

TEX R. APP. P. 81(b) (1)

## OTHER AUTHORITIES

Texas Bar Journal, December 2014, Page 988.

No. 01-14-00967-CV

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

SHAWN LYNN HALLSTED

*Appellant,*

vs.

KEVIN CHARLES McGINNIS

*Appellee.*

*On Appeal from the 311th District Court
of Harris County, Texas
Hon. Denise Pratt, Judge Presiding
Trial Court Cause No. 2010-41950*

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Appellant, Shawn Lynn Hallsted, who was the Petitioner in the original trial court proceeding and the Movant in the Motion for New Trial from which this appeal is taken, files this appellate brief in support of her request that the judgment below be in things reversed and remanded for new trial consistent with the Order of this Court of Appeals ruling:

## ISSUES PRESENTED

**Issue No. 1:**  Was the Trial Court's rendition and Final Judgment regarding the denial of the enforcement of the contractual alimony payments contained in the AID incorrect and so against the overwhelming weight of the evidence as to be clearly wrong and unjust in light of the testimony and evidence adduced during trial?

**Issue No. 2:**  Did the Trial Court err in denying Hallsted's Motion for New Trial?

**Issue No. 3:** Did the Trial Court engage in judicial impropriety with probable

harm to the Appellant?

## STATEMENT OF THE CASE & FACTS

This Appeal is filed with respect to the adverse ruling against Appellant in the Final Judgment rendered in this cause on August 15, 2014 and is limited to the issue presented at trial concerning the breach of contract action brought by Appellant pertaining to the alimony payment provision contained in the Agreement Incident to Divorce which was approved, accepted and entered of record on March 17, 2001, hereinafter "AID". The Court issuing the Final Decree of Divorce specifically referenced the AID, approved the agreement, incorporated it by reference into the decree and ordered the parties to do those things necessary to effectuate the agreement.

A true and correct copy of the AID was entered into evidence without objection, and is a part of the Court record. (RR: page 7)[1] In pertinent part the AID contains the following language:

### 3.2 Terms, Conditions, and Contingencies

**Amount** - KEVIN CHARLES MCGINNIS will pay to SHAWN LYNN MCGINNIS $2,500.00 per month as alimony. These payments will be payable on the 1st day of the month, beginning with the first payment on April 1, 2001. (CR: page 5 of AID).

**Term** - Unless stated otherwise herein, the payments and obligations will end on January 1, 2014, with the last payment being due on January 1, 2014, providing all payments have been made. (CR: page 6 of AID).

---

[1] The trial transcript held March 7, 2012 will be referred to as "(RR)". The Clerk's Record of the court's file will be referred to as "(CR)".

3

Thereafter, in January 2010, Kevin Charles McGinnis ceased paying the contractual alimony obligation due to Shawn Lynn Hallsted as agreed and ordered. Shawn Lynn Hallsted, sued Kevin Charles McGinnis for Breach of Agreement Incident to Divorce, with regard to unpaid monthly alimony and sought an amount of the remaining obligation.

The case was called to trial on May 7, 2012, testimony was taken and the AID and Decree of Divorce admitted into evidence without objection.

Mrs. Hallsted testified that Mr. McGinnis' last alimony payment was made in January 2010. (RR: page 8) It is undisputed that Kevin Charles McGinnis failed to make additional payments to Shawn Lynn Hallsted beginning in January 2010. Mrs. Hallsted further testified that the amount due and owing under the contractual alimony portion of the AID was $117,500.00 (after invoking the acceleration election). (RR: page 12) Further evidence that Mrs. Hallsted had incurred $19,937.50 in attorneys in attempting to recover the unpaid alimony was presented without objection. (RR: page 32).

The contested issue regarding the payment obligation contracted for between the parties centered on whether the AID contained a limitation on the term of the payments or whether the AID obligated Mr. McGinnis to pay "permanent alimony" which are void as against public policy. Mrs. Hallsted testified that she believed the last payment due to her under the AID was January 1, 2014. (RR: page10) Mr. McGinnis testified that he believed the AID constituted permanent alimony and

4

would consider it a windfall should the obligation be terminated on January 1, 2014. (RR: page 50)

At the conclusion of the trial the parties were informed by presiding judge of the 311th Judicial District Court, **Denise Pratt**, that she would be transmitting a ruling to the parties' attorneys by May 11, 2012.

However, no ruling was received by counsel for the parties. Counsel were instructed to appear in court on August 3, 2012 for entry of judgment. Counsel appeared and were informed by Judge Pratt that she had not ruled on the trial, but would be issuing a ruling by next week. On October 11, 2012 counsel for Appellant contacted the court coordinator for the 311th Judicial District Court, and was informed that the Judge had yet to make a ruling. During the next *eleven* months counsel for Appellant contacted the court every month for the purpose of determining whether or not a ruling had been issued. Each time counsel for Appellant was informed that no rendition had been made by the Judge.

On September 27, 2013 counsel for parties again appeared for an entry of judgment, and again were informed by Judge Pratt that she had not yet ruled on the trial, but would be issuing a ruling shortly. On October 21, 2013 the case was again called to trial, despite the fact that it had already been heard by the court, and again counsel for parties were informed by Judge Pratt in court that she would be ruling shortly. Counsel for Appellant continued to call the court staff of the 311th Judicial

District Court and was informed repeatedly that no ruling had been made by the Judge.

On March 11, 2014 counsel appeared again in the 311th Judicial District Court for a hearing to determine, despite having tried the matter 22 months earlier, whether or not the case should be *dismissed for want of prosecution.* Counsels informed the Court that the case had been heard before the judge, and were informed by Judge Pratt that she "remembered the case, that it involved an AID, and that she had made a ruling which would be issued expeditiously."

Less than 3 weeks later, on March 28, 2014 Judge Pratt resigned from the bench in a deal with the Harris County District Attorney's Office which allowed her to avoid prosecution for crimes committed while she was on the bench. These crimes included allegations that she had back dated official court documents.

On July 18, 2014 counsel for parties appeared in court for entry of judgment and were informed by Judge Alicia Franklin (new presiding judge) that a judge's rendition had been entered into the court's system on April 1, 2014. The rendition was *allegedly* on signed on *July 13, 2012,* almost two (2) years before it was entered.

The rendition was vague, sweeping and cursory and stated that the Appellant's Motion to Enforce the AID was denied, the Appellee's Motion to Enforce Possession and Access was denied, and the Appellee's Motion to Modify Child Support was denied. No legal reasoning or explanation(s) were provided in the

6

rendition for the denial *en toto* of all relief sought by the parties. Because Judge Pratt had resigned her position as Judge of the Court under the immense pressure of potential prosecution and Judicial grievances three (3) days prior to the Clerk of the Court filing of record the purported rendition dated nearly 2 years earlier, Appellant was not able to request or receive findings of fact and conclusions of law.

On August 15, 2014, Judge Franklin, having not heard a moment of testimony, signed a Final Judgment denying Petitioner's claim for Breach of AID. Appellant timely filed her Motion for New Trial in accordance with Texas Law expressing the forgoing which was denied by the successor Judge.

Appellant's appeal is filed with respect to only the adverse ruling on Appellant's Breach of Agreement Incident to Divorce. The issues involving the parties' minor child are now moot and not the subject of this appeal.

## APPELLANT'S POINT OF ERROR NO. 1 & 2

**Issue No. 1:** Was the Trial Court's rendition and Final Judgment regarding the denial of the enforcement of the contractual alimony payments contained in the AID incorrect and so against the overwhelming weight of the evidence as to be clearly wrong and unjust in light of the testimony and evidence adduced during trial?

**Issue No. 2:** Did the Trial Court err in denying Hallsted's Motion for New Trial?

## ARGUMENTS AND AUTHORITIES

### A. STANDARD OF REVIEW-

Regarding the incorrect rendition made by the trial court denying the Appellant's requested relief, a finding based on factual insufficiency shall be set aside only if the finding is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Minucci v. Sogevalor, S.A.*, 14 S.W.3d 790, 794 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The trial court's decision to overrule a motion for new trial. *See, In re Estate of Head*, 165 S.W.3d 897, 902 (Tex.App.-Texarkana 2005, no pet.); *IPM Prods. Corp. v. Motor Parkway Realty Corp.*, 960 S.W.2d 879, 882 (Tex.App.-El Paso 1997, no pet.), is subject to review for abuse of discretion. *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994); *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984); *Cont'l Cas. Co. v. Hartford Ins. ex rel. Blue Line Promotions Inc.*, 74 S.W.3d 432, 434-35 (Tex. App.—Houston [1st Dist.] 2002, no pet.). *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). To determine whether a trial court abused its discretion, the

appellate court must decide whether it acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990) (per curiam); *Swaab v. Swaab,* 282 S.W.3d 519 (Tex. App.-Houston [14 Dist.] 2008), *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997). The filing of a motion for new trial is a matter of right and a new trial should be granted in this cause in the interest of justice. *See Old Republic Ins. Co. v. Scott,* 846 S.W. 2d 832, 833 (Tex. 1993) and its progeny.

**B.** **JUSTICE REQUIRES THAT A NEW TRIAL BE GRANTED BECAUSE THE FINAL JUDGMENT IS AGAINST THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE and THE DENIAL OF THE MOTION FOR NEW TRIAL WAS AN ABUSE OF DISCRETION**

Movant sued Respondent for breach of the parties' Contract providing for the payment of alimony until a date certain. Specifically, Movant sought to enforce her right to collect monthly alimony.

Respondent contended at trial that the alimony had no end date and therefore was void as a matter of law. Respondent alleged that he owed the Movant no alimony despite the parties' agreement contained in the AID, because he had intended to pay lifetime alimony at the time the AID was entered into by the parties.

Appellant contended that she and Respondent intended that the monthly alimony payments would end on January 1, 2014 as stated in the AID, and that the monthly alimony provision was valid as a matter of law.

The great weight and preponderance of the evidence presented at trial supports Appellant's contention and refutes Appellee's contention.

9

Specifically, the AID contains an end date of January 1, 2014 for the payment of monthly alimony. This date is contained on page six (6) of the third paragraph of the AID.

**The Plain language of the Agreement Incident to Divorce must not be ignored.**

The trial court simply ignored the plain language contained in an Agreement incident to divorce and its requirements. The resolution of this dispute entails interpretation of the contracts involved. In doing so, the Appellate Court must apply various settled rules of law. The first mandates that construing an unambiguous contract involves a question of law. *Borders v. KRLB, Inc.,* 727 S.W.2d 357, 359 (Tex.App.-Amarillo 1987, writ ref'd n.r.e.). Thus, the Court need not defer to any interpretation afforded by the trial court and should view the contractual issue from the trial court's record *de novo. Id.* Second, when interpreting an instrument, the Court should strive to give effect to its parties' intent. *Id.* Furthermore, that intent is garnered from the language of the contract, which language is considered in its entirety. *Id.* That is, we peruse the complete document to understand, harmonize, and effectuate all its provisions. *Questa Energy Corp. v. Vantage Point Energy, Inc.,* 887 S.W.2d 217, 221 (Tex.App.-Amarillo 1994, writ denied). So too must we afford the words contained in the agreement their plain, ordinary, and generally accepted meaning, unless the instrument requires otherwise. *Sun Operating, Ltd. v. Holt,* 984

10

S.W.2d 277, 285 (Tex.App.—Amarillo 1998, pet. denied); *Phillips Petroleum Co. v. Gillman*, 593 S.W.2d 152, 154 (Tex.Civ.App.-Amarillo 1980, writ ref'd. n.r.e.).

Finally, in applying the foregoing rules the Court may not rewrite the agreement to mean something it did not. *Borders v. KRLB, Inc.*, 727 S.W.2d at 359. Simply put, the Court cannot change the contract merely because it or one of the parties comes to dislike its provisions or thinks that something else is needed in it. *HECI Explor. Co. v. Neel*, 982 S.W.2d 881, 888-89 (Tex. 1998). This is so because parties to the contract are considered masters of their own choices. They are entitled to select what terms and provisions to include in a contract before executing it. And, in so choosing, each is entitled to rely upon the words selected to demarcate their respective obligations and rights. In short, the parties strike the deal *they* choose to strike and, thus, voluntarily bind themselves in the manner *they* choose. And, that is why parties are bound by their agreement as written. *Emmer v. Phillips Petroleum Co.*, 668 S.W.2d 487, 490 (Tex. App.—Amarillo 1984, no writ).

In the case at bar, the contract between the parties contained a provision that was both clear and unambiguous. The plain meaning of the words used are not subject to interpretation and clearly state that the term for the... "payments and obligations will end on January 1, 2014". The provision is not limited to the "additional Alimony" obligation as alleged by the Appellee, but rather, encompasses the entirety of the "payments and obligations" contained in the agreement. To read the provision differently would unreasonably narrow the plain meaning of the

11

words used. Moreover, the parties were certainly capable, had they chosen to do so, to limit the termination date in the manner suggested by the Appellee. Such is not the case.

Admittedly, there are narrow exceptions to the foregoing including the contract provision being void as against public policy. Such is the case where parties bind themselves to "permanent alimony". *Lodge v. Lodge*, 368 S.W. 2d 40, 41 (Tex. App.—Austin 1963). However, in *Francis v. Francis*, 412 S.W.2d 29, 33 (Tex. 1967) the Supreme Court of Texas held that "alimony which contravenes the public policy of the State is only those payments imposed by a court order or decree on the husband as *a personal obligation for support and sustenance of the wife* after a final decree of divorce"; and that "obligations assumed by the husband in separation agreements or contracts to make payments for the support of the wife after a divorce decree becomes final, *are not obligations to pay alimony* and do not violate the public policy of this state." (emphasis added). Precisely is the case at bar. The obligation is contained in a separate agreement incident to divorce containing an obligation assumed by the husband to make payments for the support of the wife after a divorce decree becomes final. Simply put, even if the Appellate Court finds the January 1, 2014 date is not a date certain for the termination of the alimony obligation, the obligation itself does not qualify as Court imposed alimony such that it would constitute a violation of public policy.

Nevertheless, the AID contains no language stating that the monthly alimony would last for the lifetime of either party. Quite to the contrary the AID contained a fixed term and date of termination.

There is no language in the AID stating that the monthly alimony would be payable to the estate of either party in the event of death.

Despite the fact that there was no language in the AID indicating that the monthly alimony was a lifetime award, and that a clear end date for the monthly alimony was contained in the AID, to wit: January 1, 2014, Judge Pratt denied the Movant's claim for relief.

Judge Pratt's ruling denying Movant's claim for breach of the AID was against the great weight and preponderance of the evidence. A simple reading of the AID, which was admitted into evidence at trial, demonstrates that her ruling was erroneous. The reason Judge Pratt made such a nonsensical ruling is discussed at length below.

### APPELLANT'S POINT OF ERROR NO. 3

**Issue No. 3:** Did the Trial Court engage in judicial impropriety with probable harm to the Appellant?

**C.    STATNDARD OF REVIEW-**

In order to reverse or vacate a judgment on the ground of judicial misconduct, it must be found that a judicial impropriety was committed and that the impropriety prejudiced the complaining party. *Silcott v. Oglesby*, 721 S.W. 2d 290, 293 (Tex. 1986); see also, TEX R. APP. P. 81(b) (1). Further, the Court must examine the record

13

as a whole to determine whether the trial court's impropriety harmed the Appellant.

*Brown v. Russell,* 703 S.W.2d 843, 847 (Tex. App.—Fort Worth 1986, no writ).

**D.    JUSTICE REQUIRES THAT A NEW TRIAL BE GRANTED BECAUSE THE FINAL JUDGMENT, BASED UPON THE JUDICIAL RENDITION OF JUDGE DENISE PRATT, IS THE RESULT OF JUDICIAL MISCONDUCT AND A CRIMINAL ACT ON THE PART OF JUDGE PRATT**

It is clear from record that Judge Pratt back dated the Final Order in this cause. It is clear from the Texas Penal Code that the act was a crime. The commission of a crime by a Judge acting in his or her official capacity directly relating to the case at bar certainly qualifies as judicial misconduct. Finally, it is clear that Judge Pratt's crime prejudiced the Appellant because of the sweeping, spurious ruling made by the Judge while hastily leaving office to avoid criminal prosecution and Judicial Grievances.

First, it must be addressed as to whether or not Judge Pratt **back dated** the Final Judgment in this cause in violation of the Texas Penal Code. A person commits an offense if he knowingly makes a false entry in, or false alteration of, a government record. *Texas Penal Code, §37.10 (a)(1).* The legislature's definition of a government record is clear and unambiguous and may include a court record. *State v. Vasilas,* 187 S.W. 3rd 486 (Tex. Crim. App. 2006). The court's repeated hearings to enter judgment, recall for trial, and attempts to dismiss for want of prosecution after the matter had been tried, together with the Judge's admissions from the bench that she

14

had not yet ruled, makes it abundantly clear that she made a false entry of a government record, namely the rendition of Judgment.

Specifically, as discussed in the Statement of the Case & Facts above, on four (4) occasions this cause was placed on the court's entry docket *subsequent* to the date (July 13, 2012) that Judge Pratt claimed she signed the Final Judgment in this cause. Judge Pratt informed the counsel for the parties that she had not yet ruled on the trial at all four (4) entry hearings.

Judge Pratt's court staff also repeatedly informed counsel for almost two (2) years *subsequent* to July 12, 2012 that Judge Pratt had not made a ruling.

Finally, this cause was placed on the court's dismissal docket at least one time subsequent to July 13, 2012, and was set for trial again on the court's docket subsequent to July 13, 2012. If Judge Pratt had actually signed a rendition on July 13, 2012 then there would have been no need for the court to issue these settings.

It is beyond a doubt that when the court record is examined, Judge Pratt had not yet considered or ruled in this cause prior to March 11, 2014 (last court appearance by counsel prior to Judge Pratt's resignation), despite her misrepresentation.

The most likely date that Judge Pratt signed her rendition is March 20, 2014, which is the date she signed her second rendition (and which only refers to the first rendition allegedly signed on July 13, 2014). The only logical conclusion that can be reached is that Judge Pratt ruled on this cause almost two years subsequent to

hearing the evidence, and during a time period when she was under the threat of indictment for judicial misconduct and facing a Judicial Grievance before the State Commission on Judicial Conduct.

It is impossible to believe a litigant whose case was decided by a Judge who last received evidence almost two years prior to turning her attention upon it again, and who was in the process of negotiating a plea bargain to in order to prevent an indictment from being issued for her misconduct while on the bench and facing a judicial grievance for precisely the conduct alleged herein, is not going to be prejudiced by that Judge.

Nevertheless, an argument could be made that while Judge Pratt did back date her rendition, this was done only after she had gone back and reviewed the court's file or a transcript of the trial. However, upon careful reading of the rendition, it is clear that Judge Pratt did not review the court's file or the trial transcript prior to back dating the rendition.

The pleadings brought before Judge Pratt and the evidence presented at trial concerned Ms. Hallsted's claim for Breach of AID, Movant's Motion to Modify Possession and Access and Respondent's Motion to Modify Child Support.

Judge Pratt's rendition denied *Movant's Motion to Enforce the AID* and *Respondent's Motion to Enforce Possession and Access*. However, Mrs. Hallsted did not have a Motion to Enforce the AID in front of Judge Pratt, nor did the Mr. McGinnis have a Motion to Enforce Possession and Access before the bench. Ms.

Halllsted did have a *Petition for Breach of AID*, a pleading wholly different from a Motion to Enforce, and one which provides for different remedies, in front of Judge Pratt. Furthermore, a Motion to Modify Possession and Access was filed by the Appellant and heard by the Court; however, the Appellee filed no pleadings requesting that the court enforce any of his rights concerning possession and access of the parties' minor child.

Judge Pratt, in her haste to issue a ruling intending to deny all the parties' claims (this was the easiest and fastest way to get a rendition filed as it requires no specific findings on her part), forgot what each litigant had filed and what type of relief was being sought by the parties.

Judge Pratt's ruling denying Appellant's claim for relief for breach of the parties' AID was the result of Judicial Misconduct[2] and criminal acts as defined by the Texas Penal Code.

---

[2] According to the Texas Bar Journal published December 2014, on September 4, 2014, the Hon. Denise Pratt, former judge of the 311th District Court, Houston, Harris County, was issued a public reprimand by the State Commission on Judicial Conduct for failing to be diligent and failing to timely execute the business the court in violation of Article V, Section 1-a (6)A of the Texas Constitution. The commission found that Judge Pratt's decisional delays, which included a failure to timely issue Orders, renditions, and finding of fact in numerous family law cases pending before her court, were unreasonable and unjustified; ...that[ Judge Pratt] demonstrated a lack of professional competence in the law under Canon 3B(2)...The commission noted that a judge who...delays making decisions and signing Orders in case involving rights of parents and the best interest of children, causes harm and a great disservice to parties, lawyers, witnesses jurors and other judges.

## CONCLUSION AND PRAYER

The Final Judgment in this cause is against the great weight and preponderance of evidence and was arbitrary and capricious. The Final Judgment is this cause is the result of Judicial Misconduct and the commission of a crime as defined by the Texas Penal Code. Appellant, Shawn Lynn Hallsted, should be allowed to the opportunity to present her case to a Judge who will rule based on the evidence presented at trial and the rule of law and that will not make rulings based on a personal need for expediency caused by the Judge's own legal troubles.

**WHEREFORE, PREMISES CONSIDERED,** Appellant Shawn Lynn Hallsted respectfully requests that this Court reverse the trial court and render judgment for the Appellant, pursuant to this Court's *de novo* authority, in the principal amount of $117,500.00, an additional $19,937.50 in attorney's fees, costs of court, and pre and post judgment interest; or in the alternative, remand Appellant's suit to the trial court for re-trial on the issue of monthly alimony, and order such other and further relief to which Appellant may be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF WILLIAM D. HANCOCK**

By:/s/ William D. Hancock
William D. Hancock

State Bar No. 00789343
1512 Alabama Street
Houston, Texas 77004
Tel.: 713.523.6677
Fax: 713.523.6683
Email: williamhancock@justice.com

**Attorney for Appellant,**
**Shawn Lynn Hallsted**

| | | |
|---|---|---|
| SHAWN LYNN HALLSTED,<br>Appellant | §<br>§<br>§ | IN THE FIRST (1ST) |
| V. | §<br>§ | COURT OF APPEALS |
| KEVIN CHARLES McGINNIS,<br>Appellee | §<br>§<br>§ | HOUSTON, TEXAS |

## VERIFICATION

STATE OF TEXAS      §
COUNTY OF HARRIS    §

Before me, the undersigned notary, on this day personally appeared WILLIAM D. HANCOCK, a person whose identity is known to me. After I administered an oath to him, upon his oath, he said he had read the Appellant's Brief and that the facts stated therein regarding the conduct and judicial impropriety of Judge Denise Pratt are within his personal knowledge and are true and correct."

William D. Hancock

SWORN TO and SUBSCRIBED before me by William D. Hancock on the 3rd day of April 2015.

Notary Public in and for the
State of Texas



KARINA VASQUES
MY COMMISSION EXPIRES
August 23, 2016

20

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-file on this 3ʳᴰ day of April, 2015 upon the following:

**BUCKLEY, WHITE, CASTENEDA & HOWELL, LLP**
Richard T. Howell
2401 Fountain View Dr, Suite 1000
Houston, Texas 77057-4846
713.789.7703 (Fax)

*ATTORNEY FOR APPELLEE*

/s/ William D. Hancock
William D. Hancock